E-FILED; Anne Arundel Circuit Court
Docket: 5/20/2024 3:17 PM; Submission: 5/20/2024 3:17 PM
Envelope: 16520102

JENNIFER SNYDER       *     IN THE
4333 Berger Avenue
Baltimore, Maryland 21206    *     CIRCUIT COURT

      Plaintiff           *     FOR

v.                       *     ANNE ARUNDEL COUNTY

SANTOSH KAVANAKUDY    *
10 University Avenue
Catonsville, Maryland 21228    *     Case No. ____C-02-CV-24-001267____

and                    *

MARYLAND DEPARTMENT OF PUBLIC*
SAFETY & CORRECTIONAL SERVICES
6776 Reisterstown Road, #309    *
Baltimore, Maryland 21215
                   *
      SERVE On:
      Stephen T. Moyer       *
      300 East Joppa Road, St. 1000
      Towson, Maryland 21286    *

and                    *

STATE OF MARYLAND      *

      SERVE ON:          *
      Nancy K. Kopp
      Maryland State Treasurer    *
      Goldstein Treasury Building
      80 Calvert St          *
      Annapolis, MD 21401
                   *
      Defendants
   *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, Jennifer Snyder, by and through her attorneys, Paul D. Bekman, and Bekman,

Marder, Hopper, Malarkey & Perlin, L.L.C., hereby sue Defendants, Santosh Kavankudy, The

Maryland Department of Public Safety & Correctional Services, and The State of Maryland, and,

in support thereof, states as follows:

## Introduction

1.      Jennifer Snyder was an adult inmate at The Maryland House of Correction for Women MCI-W, having been an inmate at the said institution since 2019. As such, she was entitled to be free from assault, battery, and sexual assault by any employees of the said institution.

2.      On May 29, 2021, Jennifer Snyder was assaulted, battered, and the victim of a sexual assault by the Defendant, Santosh Kavankudy, who was a Lieutenant employed by Defendants, Maryland Department of Public Safety & Correctional Services and The State of Maryland as a Dietary Lieutenant Correctional Officer at MCI-W. The Defendant was later criminally charged with a sexual assault against Plaintiff Jennifer Snyder, and pled guilty in the Circuit Court for Anne Arundel County to a criminal charge of a Correctional Officer having sexual activity with an inmate, Jennifer Snyder, on May 29, 2021.

3.      Plaintiff seeks recovery due to the significant damages she has suffered as a result of the incident of sexual abuse that could and should have been prevented by the Defendants and as a result of Defendants' violations of the Eighth and Fourteenth Amendment to the United States Constitution (under 42 U.S.C. § 1983); the Prison Rape Elimination Act, 34 U.S.C., Sec. 303; other federal and state laws described in this Complaint; and common-law torts.

## Jurisdiction and Venue

4.      The amount of this claim exceeds seventy-five thousand ($75,000.00) dollars.

5.      Venue is proper in the Circuit Court for Anne Arundel County as all of the events giving rise to this cause of action occurred in Anne Arundel County.

6.      Pursuant to Md. Code, § 12-106(c)(2) of the State Government Article, the State had actual and/or constructive notice of Plaintiff's claim as Plaintiff immediately reported the claim to the appropriate State supervisors at MCI-W, a criminal investigation was conducted which

included State personnel, and state employee Defendant Kavankudy pled guilty to criminal charges and was sentenced to jail related to his conduct and Plaintiff's allegations in this case.

7.      Furthermore, even if timely notice of claim was not provided under Md. Code, § 12-106 of the State Government Article, Plaintiff still has good cause to proceed with this action and the State has not been prejudiced in any way as Plaintiff immediately reported the claim to the appropriate State supervisors at MCI-W, a criminal investigation was conducted which included State personnel, and state employee Defendant Kavankudy pled guilty to criminal charges and was sentenced to jail related to his conduct and Plaintiff's allegations in this case.

### The Parties

8.      Plaintiff, Jennifer Snyder, is an adult resident of Baltimore County, Maryland.

9.      Defendant, Santosh Kavankudy, based upon information and belief, is an adult resident of Anne Arundel County, Maryland.

10.     Defendants, Maryland Department of Public Safety & Correctional Services ("DPSCS"), is a State Agency created by and operated under the laws of the State of Maryland. At all times relevant to this Complaint, Defendant DPSCS was in charge of and/or operated MCI-W.

11.     Defendant, State of Maryland, is a public entity, as defined by the State Government Article of the Annotated Code of Maryland, Section 12-106, which is located within the State of Maryland.  At all times relevant to this Complaint, Defendant State of Maryland owned, was in charge of, and/or operated MCI-W.

### Duties Owed by Defendants

12.     At all relevant times, Defendant, Santosh Kavankudy, was employed as a Dietary Lieutenant Correctional Officer at MCI-W, and was the agent, apparent agent, servant, and/or

employee of Defendants, DPSCS and the State of Maryland. At all times relevant to this Complaint, Defendant Kavankudy was acting under the color state law, and within the scope of his employment.

13.     Defendants DPSCS and the State of Maryland were responsible for and had the duty to provide care, safekeeping, and protection to all persons incarcerated within the correctional system for the State of Maryland, including at MCI-W.

14.     Defendants, DPSCS and the State of Maryland, as the employer of the Defendant, Santosh Kavankudy, are charged with the responsibility of enforcing policies and procedures to protect and ensure the safety and wellbeing of inmates throughout the State of Maryland and with. Federal and State laws afforded to such inmates. Further, the said Defendants are required to comply with "PREA," the Prison Rape Elimination Act," to prevent any and all sexual assaults on inmates.

15.     At all times relevant, Defendants DPSCS and the State of Maryland were tasked with implementing procedures and protocols created and mandated by them; ensuring compliance with the mandated protocols, rules and laws; supervising and controlling correctional officers; and had a duty to monitor and supervise, staff members, employees, and others who worked and/or were present on MCI-W grounds where inmates were housed.

16.     At all times relevant, Defendants DPSCS and the State of Maryland were responsible for policy making, decision making, hiring/firing decisions and complying with applicable policies, procedures, duties of care and laws. Each Defendant had the power to control, uphold and enforce policies, laws and procedures to protect the safety and well-being of the inmates at MCI-W, and to provide them with the benefits of those rules, laws and requirements and the prevention of sexual assaults of inmates.

17.     At all times relevant, Defendants DPSCS and the State of Maryland employed the Defendant, Santosh Kavankudy, and were vicariously responsible for the actions of Santosh Kavankudy. Defendants were required to provide training and/or information to all correctional officers, staff, and inmates to protect inmates from sexual abuse and harassment. Sufficient training of such individuals should have included areas of sexual abuse and monitoring for and intervening in abuse.

18.     At all times relevant herein, Plaintiff is informed and believes that Defendants DPSCS and the State of Maryland failed to sufficiently train, supervise and manage their employees and correctional officers, including Defendant, Santosh Kavankudy, to ensure that they were sufficiently knowledgeable and equipped to protect inmates from sexual abuse and harassment and appropriately respond to reports of sexual abuse in order to prevent further occurrences and provide a safe environment for inmates such as Jennifer Snyder.

19.     At all times relevant herein, Plaintiff is informed and believes that Defendants DPSCS and the State of Maryland failed to sufficiently adopt, implement, and promulgate proper policies and procedures to protect inmates from sexual abuse.

20.     Defendants DPSCS and the State of Maryland are further vicariously liable for all of the acts, omissions, torts, and constitutional violations committed by Defendant Kavankudy which are more fully set forth below.

### Facts Common to All Counts

21.     Plaintiff, Jennifer Snyder, was incarcerated at MCI-W.

22.     During her incarceration, Ms. Snyder obtained a job working in the storage room, and served under the supervision of Dietary Lieutenant Correction Officer, Santosh Kavankudy.

23.     On May 29, 2021, Defendant Kavankudy called and advised that he was short

staffed and requested that inmate Jennifer Snyder come down to assist him.

24.     Ms. Snyder reported down to the dietary section where the Defendant worked. She got down there and the Defendant blew her a kiss which was something Defendant had done on multiple previous occasions. Defendant Kavankudy had also made previous advances on Ms. Snyder.

25.     This time, Defendant Kavankudy asked Plaintiff if she was ready to go further and told Ms. Snyder that he would help Ms. Snyder at her parole hearing if she gave Defendant Kavankudy oral sex or if she let Defendant Kavankudy give her oral sex. She agreed to do so at that time.

26.     Defendant Kavankudy waited for the other working inmates to take the dinner trays and leave, and then asked Plaintiff to go into the inmate Clerk's office, which she did. Defendant Kavankudy closed the door.

27.     Defendant Kavankudy started kissing Ms. Snyder, grabbing her breasts, and pulled her pants down. Defendant Kavankudy used his mouth on Mrs. Snyder vagina. She was standing the whole time. Defendant Kavankudy was on his knees. This abusive sexual act lasted about ten to fifteen minutes.

28.     Afterward, Defendant Kavankudy told Ms. Snyder that he could not help Ms. Snyder her parole hearing.

29.     Ms. Snyder then left and reported the incident to Defendant Kavankudy's supervisor.

30.     A Safe Exam was later conducted by a Forensic Nurse at Mercy Medical Center.

31.     The police took possession of the Safe Exam and brought it to their evidence room. The Safe Exam was sent to their lab on June 3, 2021.

32.     A search and seizure warrant was signed for the collection of DNA from Defendant Kavankudy.  Medical swabs were obtained from Defendant Kavankudy, and the swabs and Safe Exam were then sent to The Maryland State Police Lab where a DNA analysis was conducted.

33.     A Forensic Scientist, Catherine Reiss, evaluated the evidence that included a DNA profile from the external genitalia swabs from Ms. Snyder and the DNA profile belonging to Defendant Kavankudy.  Also, an enzyme amylase was found on the swab, which is an enzyme that is found in high levels in saliva but low levels in other bodily fluids.  It was a DNA match to Defendant Kavankudy.

34.     Defendant Kavankudy was charged with sexual misconduct between a correctional employee and an inmate, and on April 13, 2022, Defendant Kavankudy pled guilty to said charge and was  found guilty of same.  He was sentenced to three years incarceration with all but four days suspended.  The Defendant never blamed Ms. Snyder for anything.  He admitted his total responsibility for this abusive act.

35.     Following her report of this abusive incident, Plaintiff, Jennifer Synder, was placed in protective custody in the prison.  She lost her job in the prison.  She suffered mental health issues, depression and (PTSD) Post Traumatic Stress Disorder.  She had an adverse reaction to being placed in protective custody and has suffered repeated bad dreams and flashbacks to the encounter and what followed.  She was ultimately paroled in June of 2023 and is trying to rebuild her life.

36.     As a result of the sexual abuse and fear of being subjected to further abuse, Plaintiff suffered psychological and emotional trauma that interfered with her daily functioning. She experienced increased feelings of anxiety and anger, nightmares, flashbacks, intrusive thoughts about the abuse and struggled with eating, sleeping, and concentrating. These effects caused the

Plaintiff to suffer severe distress and thereby had a negative impact on her.

37.     To date, Plaintiff experiences intrusive thoughts and flashbacks of the abuse that occurred. She also struggles with headaches, anxiety, depression and PTSD as a result of the abuse.

38.     Plaintiff will require therapy for the foreseeable future for the injurie related to the sexual abuse.

39.     As a direct and proximate result of the acts and omissions of the Defendants, its agents, servants, and employees, including but not limited to Defendant, Santosh Kavankudy, and other employees and personnel of MCI-W, and those acting under the direction, behest, permission, and control of the Defendants and in the general operation, supervision, governance, and maintenance of MCI-W has suffered and will continue to suffer serious and severe physical and emotional damages of a permanent and lasting nature, including but not limited to:

        a. ongoing humiliation, embarrass

        b. sment, shame, and guilt;

        c. personality changes including sexualized behavior inappropriate for her age;

        d. difficulty accepting authority and rules;

        e. difficulty in maintaining focus and attention in school;

        f. emotional distress;

        g. emotional eating and overconsumption;

        h. severe mental anguish and despair;

        i. severe anxiety, nervousness, and fearfulness;

        j. depression;

        k. nightmares, nighttime auditory hallucinations and other sleep disturbances;

        l. irritability and mood swings;

m.  feelings of numbness and emptiness;

n.  withdrawal and isolation from social relationships;

o.  a loss of enjoyment of life;

p.  difficulty in trusting and interacting with others, including those in positions of

authority;

## COUNT I
### Maryland Declaration of Rights – Articles 16, 24, 25, 26
### (Against All Defendants)

40.     Plaintiffs adopt and incorporate by reference each and every allegation contained

elsewhere herein verbatim with the same effect as if herein fully set forth.

41.     Under the Maryland Declaration of Rights, Articles 16, 24, 25, and 26, inmates

have the rights including, but not limited to:

a.  Freedom from cruel and unusual punishment;

b.  freedom from imprisonment and seizure of freehold, liberty and privilege

without due process;

c.  freedom from the deprivation of liberty without due process of the law;

d.  freedom from the abuse of power by law enforcement and correctional officers;

e.  freedom from summary punishment; and

f.  freedom from the use of coercion or excessive force.

42.     Defendants, and their agents and/or employees, engaged in activities that violated

Plaintiff's rights that are protected under the Maryland Declaration of Rights.

43.     Defendants acted in deliberate indifference to, and in direct violation of, these

constitutionally protected rights.

44.     As detailed herein, Defendants violated Plaintiff's rights by committing, allowing,

enabling, facilitating, and failing to prevent the sexual abuse on Plaintiff.

45.     The Maryland Declaration of Rights forbids the use of cruel and unusual punishment. This right was denied to Plaintiff when Defendants forced Jennifer Snyder to engage in sexual acts with, and be the victim of sexual abuse by, Defendant Kavankudy, without legal cause, excuse, or justification.

46.     The Maryland Declaration of Rights forbids the use of coercive, excessive, or unnecessary force by correctional officers. This right to be free from force was denied to Plaintiff when Defendants forced Jennifer Snyder to engage in sexual acts with, and be the victim of sexual abuse by, Defendant Kavankudy without legal cause, excuse, or justification.

47.     The Maryland Declaration of Rights forbids the abuse of power by corrections officers, deprivation of liberty without due process, and summary punishment. This right to be free from abuse of power, deprivation of liberty without due process, and summary punishment was denied to Plaintiff when Defendants forced Jennifer Snyder to engage in sexual acts with, and be the victim of sexual abuse by, Defendant Kavankudy, without legal cause, excuse, or justification.

48.     Plaintiff has a protected property and liberty interest in her freedom, her ability to exercise her free will and domain over her person, her ability to be free from unlawful and unwelcome abuse by Defendants.

49.     Plaintiff was deprived of numerous protected property and liberty interests by Defendants, by and through their agents, apparent agents, servants, or employees.

50.     Specifically, Defendants', by and through their agents, apparent agents, servants, or employees', actions were not for penological purposes and were committed with the intent to cause serious bodily injury and emotional pain and suffering to Plaintiff.

51.     Plaintiff was afforded less process than was due under law by Defendants, by and

through their agents, apparent agents, servants, or employees, in depriving her of the rights in question.

52.    At no time relevant to this action was Plaintiff a threat to the safety of any correctional officers, herself, or others.

53.    At no time did Plaintiff resist detention or attempt to evade detention by flight or otherwise.

54.    At the time of the events complained of herein, Plaintiff had a clearly established right to be secure in her person and free from force or sexual abuse.

55.    At the time of the events complained of herein, Plaintiff had a clearly established right to be free from abuse of power by corrections officers, deprivation of liberty without due process, and summary punishment.

56.    Any reasonable agent, apparent agent, servant, or employee of Defendants knew or should have known of these rights at the time of the complained of conduct.

57.    Defendants, by and through their agents, apparent agents, servants, or employees, acted unreasonably in their conduct towards Plaintiff, subjecting her to coercive force and sexual abuse.

58.    Defendants, by and through their agents, apparent agents, servants, or employees, acted unreasonably in their conduct towards Plaintiff, subjecting her to abuse of power by corrections officers, deprivation of liberty without due process, and summary punishment.

59.    Defendants, by and through their agents, apparent agents, servants, or employees, agents or employees were the direct cause of the sexual abuse suffered by Jennifer Snyder, which caused severe physical injuries and emotional pain and suffering.

60.    Defendants, by and through their agents, apparent agents, servants, or employees,

were the direct cause of the abuse of power, harassing conduct, deprivation of liberties, and summary punishment suffered by Jennifer Snyder, which caused severe physical injuries and emotional pain and suffering.

61.     At all relevant times herein, Defendant Kavankudy was acting pursuant to custom, policy, decision, ordinance, widespread habit, practice, and usage in his actions against Plaintiff.

62.     Defendants DPSCS, State of Maryland, and Kavankudy were all aware of the illegal customs, policies, and actions employed by Defendant Kavankudy.

63.     Jennifer Snyder sustained injuries as a direct and proximate result of the Defendants' violation of her rights, experiencing the loss of her freedom, loss of bodily autonomy, physical injury, emotional pain and suffering, humiliation, and embarrassment, all to her detriment.

64.     As a direct and proximate result of the acts, omissions, and constitutional violations of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

### COUNT II
### 42 U.S.C. § 1983 – 8th Amendment – Cruel and Unusual Punishment
### (Against Defendant, Santosh Kavankudy)

65.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

66.     Defendants acted, at all times, under color of state law.

67.     Defendants engaged in activity that violated the rights of Jennifer Snyder as protected under the United States Constitution.

68.     Defendants deprived Plaintiff Jennifer Snyder of her rights under the Eighth Amendment of the United States Constitution.

69.     Jennifer Snyder had a protected interest in her freedom, safety, health, and life, and to not be subjected to cruel and unusual punishment.

70.     Jennifer Snyder was deprived of numerous protected rights and interests by Defendants, including her life, liberty, health, welfare, safety, freedom from cruel and unusual punishment, and as otherwise guaranteed to her by law.

71.     Defendants acted in deliberate indifference to, and in direct violation of, these constitutionally protected rights.

72.     Jennifer Snyder has, and at all relevant times had, a legitimate claim of entitlement to the rights in question under State law.

73.     The misconduct of Defendants caused Jennifer Snyder to face cruel and unusual punishment, as well as the deprivation of life, liberty, property, and the other interests outlined in this Complaint.

74.     At all times relevant hereto, Defendants deliberately subjected Jennifer Snyder to the deprivation of her rights with actual or implied malice, using coercion to commit sexual abuse of Mrs. Snyder and to force Mrs. Snyder to engage in sexual acts with Defendants. This conduct violated Mrs. Snyder's right to be free from cruel and unusual punishment as protected by the Eighth Amendment to the United States Constitution.

75.     Jennifer Snyder sustained injuries as a direct and proximate result of the

Defendants' violation of her rights, experiencing the loss of her freedom, loss of bodily autonomy, physical injury, emotional pain and suffering, humiliation, and embarrassment, all to her detriment.

76.     As a direct and proximate result of the acts, omissions, and constitutional violations of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT III**
**42 U.S.C. § 1983 – 14th Amendment – Due Process**
**(Against Defendant, Santosh Kavankudy)**

77.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

78.     Defendants acted, at all times, under color of state law.

79.     Defendants engaged in activity that violated the rights of Jennifer Snyder as protected under the United States Constitution.

80.     Defendants deprived Plaintiff Jennifer Snyder of her rights under the Fourteenth Amendment of the United States Constitution.

81.     Jennifer Snyder had a protected interest in her freedom, safety, health, and life.

82.     Jennifer Snyder was deprived of numerous protected rights and interests by Defendants, including her life, liberty, health, welfare, safety, the protection of the Courts, freedom

from summary punishment, freedom from coercion, right to due process, and as otherwise guaranteed to her by law.

83.    Defendants acted in deliberate indifference to, and in direct violation of, these constitutionally protected rights.

84.    Jennifer Snyder has, and at all relevant times had, a legitimate claim of entitlement to the rights in question under State law.

85.    The misconduct of Defendants caused Jennifer Snyder to face the deprivation of life, liberty, property, and the other interests outlined in this Complaint.

86.    Jennifer Snyder was not provided any process, let alone adequate notice, a hearing, and a neutral judge prior to the deprivation of her rights.

87.    Jennifer Snyder was afforded less process than was due under law by Defendants in depriving her of the rights in question.

88.    At all times relevant hereto, Defendants deliberately subjected Jennifer Snyder to the deprivation of her rights with actual or implied malice, using coercion to commit sexual abuse of Mrs. Snyder and to force Mrs. Snyder to engage in sexual acts with Defendants. This conduct violated Mrs. Snyder's right to be free from summary punishment and deprived her of due process as protected by the Fourteenth Amendment to the United States Constitution.

89.    Jennifer Snyder sustained injuries as a direct and proximate result of the Defendants' violation of her rights, experiencing the loss of her freedom, loss of bodily autonomy, physical injury, emotional pain and suffering, humiliation, and embarrassment, all to her detriment.

90.    As a direct and proximate result of the acts, omissions, and constitutional violations of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has

endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT IV
### Negligence and Gross Negligence
### (Against all Defendants)

91.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

92.     Defendants had a duty to provide care, safekeeping, and protection, and not create or maintain a dangerous condition which could harm persons such as Plaintiff, who were under their control.

93.     Defendants had a special duty to Plaintiff because of the custodial relationship between Defendants and Plaintiff, and because Defendants' employees put Plaintiff in harm's way by placing her in a zone of danger.

94.     Defendants, by and through their agents, apparent agents, servants, and/or employees, breached their duty of reasonable care, were careless, negligent, and grossly negligent by:

     a.   Abusing Plaintiff;

     b.   Allowing Defendant Kavankudy and Plaintiff to engage in sexual acts;

     c.   Failing to properly monitor and/or surveil the area where the abuse occurred;

     d.   creating a dangerous condition in MCI-W which allowed the abuse to occur;

e. facilitating, encouraging, and/or permitting Defendant Kavankudy to commit sexual acts with Plaintiff;

f. failing to properly train Defendant Kavankudy;

g. failing to terminate or otherwise fire Defendant Kavankudy prior to this abuse occurring;

h. inflicting harm and abuse on Plaintiff

i. promising Plaintiff that Defendants would help her at her parole hearing in exchange for sexual acts; and

j. was otherwise negligent and careless

95. These breaches of duty constitute negligence.

96. In the alternative, these breaches of duty constitute gross negligence.

97. As a direct and proximate result of the acts, omissions, and constitutional violations of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT V
### Battery
### (Against all Defendants)

98. Plaintiffs adopt and incorporate by reference each and every allegation contained

elsewhere herein verbatim with the same effect as if herein fully set forth.

99.     On May 29, 2021, Defendant Kavankudy intentionally, offensively, harmfully, and otherwise touched and battered Plaintiff Jennifer Snyder without her consent by committing sexual acts upon her body, including but not limited to kissing Ms. Snyder, grabbing her breasts, pulling her pants down, and using his mouth on Mrs. Snyder vagina.

100.     This touching by Defendant Kavankudy caused significant injury to Plaintiff through unconsented to, and legally unnecessary and unjustifiable, conduct.

101.     Defendants' conduct consisted of intentional, offensive, harmful, non-consensual touching, and was undertaken deliberately, and with actual or implied malice.

102.     Due to the custodial nature of the relationship between Defendants and Plaintiff, the restriction of Plaintiff's freedom, and the power dynamics between Defendants and Plaintiff, Plaintiff Jennifer Snyder could not legally consent to the touching and conduct of Defendant Kavankudy

103.     At all relevant times, Defendants knew or should have known that there was no justification to detain or offensively or harmfully make contact with Ms. Snyder.

104.     At all relevant times, Defendants' knew or should have known that their actions were likely to cause Jennifer Snyder physical harm and injury.

105.     Defendants—including but not limited to Defendant Kavankudy—acted within the scope of their employment, at the direction of their employer, and in furtherance of Defendants' business interests. Their actions occurred while they were on duty for Defendants and their actions were related and attendant to their duties overall, authorized by Defendants, either directly or indirectly, and were actions that Defendants had reason to expect would occur.

106.     As a direct and proximate result of the acts, omissions, and constitutional violations

of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT VI**
**Intentional Infliction of Emotional Distress**
**(Against all Defendants)**

107.    Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

108.    On May 29, 2021, Defendant Kavankudy specifically told Plaintiff Jennifer Snyder that he would help with her parole hearing if she agreed to engage in sexual acts with Defendant Kavankudy. At the time of making this statement, Defendant Kavankudy knew that he had no ability to, and was never going to, help Plaintiff Snyder with her parole hearing.

109.    Defendant Kavankudy then committed nonconsensual sexual acts upon Ms. Snyder's body, including but not limited to, kissing Ms. Snyder, grabbing her breasts, pulling her pants down, and using his mouth on Mrs. Snyder vagina.

110.    After engaging in the sexual acts, Defendant Kavankudy then told Ms. Snyder that he could not help Ms. Snyder her parole hearing.

111.    These actions, promieses, inducements, and coercive actions taken by Defendant Kavankudy were committed intentionally, recklessly, and deliberately, with callous disregard for the

high probability that emotional distress would result to Ms. Snyder.

112.    The conduct of Defendant Kavankudy was extreme, outrageous, and beyond the bounds of decency in society.

113.    The conduct of Defendant Kavankudy was malicious, willful, and intentional.

114.    These actions, and others that may be later stated, constituted the intentional infliction of emotional distress by Defendant Kavankudy upon Plaintiff Jennifer Snyder.

115.    As a direct and proximate result of the acts, omissions, and constitutional violations of Defendants, Plaintiff suffered significant, serious, and permanent physical injuries, pain, and suffering, for which she has incurred and will continue to incur substantial medical bills; has endured and will continue to endure significant emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Jennifer Snyder, claims damages against Defendants in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, as well as any available punitive damages, in addition to costs and attorneys' fees.

Paul D. Bekman (7201010013)
bekman@mdtrialfirm.com
Jeffrey S. Quinn (1212130007)
quinn@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiff*

E-FILED; Anne Arundel Circuit Court
Docket: 5/20/2024 3:17 PM; Submission: 5/20/2024 3:17 PM
Envelope: 16520102

| | | |
|---|---|---|
| JENNIFER SNYDER | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| SANTOSH KAVANAKUDY, *et al.* | * | ANNE ARUNDEL COUNTY |
| Defendants | * | Case No. C-02-CV-24-001267 |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## ELECTION FOR JURY TRIAL

MR. CLERK:

      The Plaintiff elects to have his case tried before a jury.

*Paul Bekman, ESQ*

Paul D. Bekman (7201010013)
bekman@mdtrialfirm.com
Jeffrey S. Quinn (1212130007)
quinn@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
   MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiff*

## CERTIFICATE OF REDACTION

I HEREBY CERTIFY that his Complaint does not contain any restricted information.

*Paul Bekman, ESQ*

Paul D. Bekman (7201010013)