# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER SNYDER | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. RDB-24-02141 |
| SANTHOSH KAVANAKUDY, *et al* | : | |
| Defendants | : | |

## DEFENDANT SANTHOSH KAVANAKUDY'S
## <u>ANSWER TO PLAINTIFF JENNIFER SNYDER'S COMPLAINT</u>

Comes now the Defendant, **SANTHOSH KAVANAKUDY**, by and through counsel, Jeremy R. Feldman, Esquire, Claire E. Knowlton, Esquire, and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC and files his Answer to Plaintiff's Complaint. In support thereof, Defendant states as follows:

1. That Defendant lacks sufficient information to admit or deny the allegations contained in the first paragraph of Plaintiff's Complaint except that Defendant admits that Plaintiff was as of May 29, 2021 an inmate at the Maryland House of Correction for Women.

2. That Defendant partially admits the allegations of Paragraph 2. Defendant admits he was charged criminally in the Circuit Court for Anne Arundel County via Criminal Information in Case Number C-02-CR-21-001773 and later pled guilty to the misdemeanor charge of Sexual Conduct Between Correctional Employee and Incarcerated Individual in violation of Md. Crim Law §3-314(b)(2) based on sexual contact between Defendant and Plaintiff on May 29, 2021. Defendant denies the remainder of the allegations contained in Paragraph 2.

1

3. That Paragraph 3 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3.

4. That Paragraph 4 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5. That Paragraph 5 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

6. That Paragraph 6 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.

7. That Paragraph 7 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

8. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 8 of Plaintiff's Complaint.

9. That Defendant admits the allegations contained in the Paragraph 9 of Plaintiff's Complaint.

10. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 10 of Plaintiff's Complaint.

11. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that he was an employee of the Maryland Department of Public Safety & Correctional Services on May 29, 2021. The remainder of the allegations contained within Paragraph 12 state a legal conclusion for which no response is required.

13. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 13 of Plaintiff's Complaint.

14. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 14 of Plaintiff's Complaint.

15. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 15 of Plaintiff's Complaint.

16. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 16 of Plaintiff's Complaint.

17. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 17 of Plaintiff's Complaint.

18. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 18 of Plaintiff's Complaint.

19. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 19 of Plaintiff's Complaint.

20. That Paragraph 20 states a legal conclusion for which no response is required. To the extent that a response is required, Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 20 of Plaintiff's Complaint.

21. That Defendant admits that Plaintiff was incarcerated at MCI-W on May 29, 2021.

22. That Defendant admits that Plaintiff obtained a job working in the storage room and that Defendant was a Dietary Lieutenant Correction Officer. The Defendant denies that Plaintiff was under Defendant's direct supervision when working in the storage room.

23. That Defendant admits that the dietary section was short staffed on May 29, 2021 and that he requested additional assistance but denies that he specifically requested the Plaintiff.

24. That Defendant admits that Plaintiff reported down to the dietary section on May 29, 2021, but denies the remainder of the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25. That Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26. That Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27. That Defendant admits he grabbed the Plaintiff's breasts and used his mouth on her vagina. Defendant denies the remainder of the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28. That Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 29 of Plaintiff's Complaint.

30. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 30 of Plaintiff's Complaint.

31. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 31 of Plaintiff's Complaint.

32. That Defendant admits that a search and seizure warrant was signed for the collection of DNA from the Defendant and that Medical swabs were obtained from Defendant. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained within the Paragraph 32 of Plaintiff's Complaint.

33. Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 33 of Plaintiff's Complaint.

34. That Defendant admits that he was charged criminally in the Circuit Court for Anne Arundel County via Criminal Information in Case Number C-02-CR-21-001773 and later pled to the misdemeanor charge of Sexual Conduct Between Correctional Employee and Incarcerated Individual in violation of Md. Crim Law §3-314(b)(2) based on conduct between Defendant and Plaintiff on May 29, 2021. Defendant admits that he was sentenced to three years of incarceration with all but four days suspended. Defendant denies the remainder of the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 35 of Plaintiff's Complaint.

36. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 36 of Plaintiff's Complaint.

37. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 37 of Plaintiff's Complaint.

38. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 38 of Plaintiff's Complaint.

39. That Defendant lacks sufficient information to admit or deny the allegations contained within the Paragraph 39 of Plaintiff's Complaint

## COUNT I
**Maryland Declaration of Rights – Articles 16, 24, 25, 26**

40. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

41. That Paragraph 41 contains a legal conclusion that does not require a response.

42. That Paragraph 42 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 42.

43. That Paragraph 43 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 43.

44. That Paragraph 44 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44.

45. That Paragraph 44 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44.

46. That Paragraph 46 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46.

47. That Paragraph 47 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

48. That Paragraph 48 contains a legal conclusion that does not require a response.

49. That Paragraph 49 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50. That Paragraph 50 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51. That Paragraph 51 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

52. That Paragraph 52 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant admits the allegations contained in Paragraph 52.

53. That Paragraph 53 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant admits the allegations contained in Paragraph 53.

54. That Paragraph 54 contains a legal conclusion that does not require a response.

55. That Paragraph 55 contains a legal conclusion that does not require a response.

56. That Paragraph 56 contains a legal conclusion that does not require a response.

57. That Paragraph 57 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 57.

58. That Paragraph 58 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58.

59. That Paragraph 59 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

60. That Paragraph 60 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61. That Paragraph 60 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.

62. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 62 of Plaintiff's Complaint

63. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 63 of Plaintiff's Complaint

64. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 64 of Plaintiff's Complaint.

## **COUNT II**
**42 U.S.C. §1983 – 8th Amendment – Cruel and Unusual Punishment**

65. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

66. That Paragraph 66 contains a legal conclusion that does not require a response.

67. That Paragraph 67 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 67.

68. That Paragraph 68 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69. That Paragraph 69 contains a legal conclusion that does not require a response.

70. That Paragraph 70 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71. That Paragraph 71 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72. That Paragraph 72 contains a legal conclusion that does not require a response.

73. That Paragraph 73 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74. That Paragraph 74 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74.

75. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 75 of Plaintiff's Complaint.

76. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 76 of Plaintiff's Complaint.

**COUNT III**
**42 U.S.C. §1983 – 14th Amendment – Due Process**

77. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

78. That Paragraph 78 contains a legal conclusion that does not require a response.

79. That Paragraph 79 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80. That Paragraph 80 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81. That Paragraph 81 contains a legal conclusion that does not require a response.

82. That Paragraph 82 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82.

83. That Paragraph 83 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83.

84. That Paragraph 84 contains a legal conclusion that does not require a response.

85. That Paragraph 85 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86. That Paragraph 86 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87. That Paragraph 87 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88. That Paragraph 88 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 88.

89. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 89 of Plaintiff's Complaint.

90. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 90 of Plaintiff's Complaint.

## COUNT IV
### Negligence and Gross Negligence

91. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

92. That Paragraph 92 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92.

93. That Paragraph 93 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

94. That Paragraph 94 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

95. That Paragraph 95 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 95.

96. That Paragraph 96 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96.

97. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 97 of Plaintiff's Complaint.

## COUNT V
### Battery

98. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

99. That Defendant denies the allegations contained within Paragraph 99 except that Defendant admits to using his mouth on Plaintiff's vagina.

100. That Defendant denies the allegations contained within Paragraph 100.

101. That Defendant denies the allegations contained within Paragraph 101.

102. That Paragraph 102 contains a legal conclusion that does not require a response.

103. That Paragraph 103 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104. That Paragraph 104 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 104.

105. That Paragraph 105 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 105.

106. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 106 of Plaintiff's Complaint.

## COUNT VI
### Intentional Infliction of Emotional Distress

107. That Defendant incorporates by reference each and every response contained herein with the same effect as if fully set forth.

108. That Defendant denies the allegations contained within Paragraph 108 of Plaintiff's Complaint.

109. That Defendant denies the allegations contained within Paragraph 109 of Plaintiff's Complaint except that Defendant admits he used his mouth on Plaintiff's vagina.

110. That Defendant denies the allegations contained within Paragraph 110 of Plaintiff's Complaint.

111. That Defendant denies the allegations contained within Paragraph 111 of Plaintiff's Complaint.

112. That Paragraph 112 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113. That Paragraph 113 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 113.

114. That Paragraph 114 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

115. That Defendant lacks sufficient information to admit or deny the allegations contained in the Paragraph 106 of Plaintiff's Complaint.

Defendant further asserts the following affirmative defenses in Answer to Plaintiff's Complaint:

### First Affirmative Defense

1. The Complaint Fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

2. The Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

3. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### Fourth Affirmative Defense

4. Plaintiff's claims are barred by accord and satisfaction.

### Fifth Affirmative Defense

5. Plaintiff's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

6. Defendant denies each and every allegation contained directed against him and Denies liability outright.

### Seventh Affirmative Defense

7. The Complaint is barred by the doctrine of estoppel, collateral estoppel, issue preclusion, and res judicata.

### Eighth Affirmative Defense

8. The Complaint is barred by the waiver doctrine.

### Ninth Affirmative Defense

9. The Complaint is barred due to the Defendant's contributory negligence

### Tenth Affirmative Defense

10. The Complaint is barred by Plaintiff's assumption of the risk

### Reservations of Rights

Defendant expressly reserves the right to amend this Answer by way of adding defenses as additional facts are obtained through further discovery.

WHEREFORE, having fully responded to Plaintiff's Complaint respectfully requests that this Honorable Court:

a. That this Honorable Court Deny any and all claims by Plaintiff against Defendant Santosh Kavanakudy; and

b. For such further relief as Justice Requires.

Respectfully submitted,

   Jeremy R. Feldman /s/_____
Jeremy R. Feldman, Esquire
*Federal Bar No: 18452*
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
Telephone (301) 459-8200
Fax (301) 459-5721
jfeldman@houlonberman.com
*Counsel for Defendant Kavanakudy*

   Claire E Knowlton /s/_____
Claire E. Knowlton, Esquire
*Federal Bar No: 30666*
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
Telephone (301) 459-8200
Fax (301) 459-5721
cknowlton@houlonberman.com
*Counsel for Defendant Kavanakudy*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of November, 2024, I served a copy of the foregoing *Answer* via the CM/ECF federal e-filing system upon:

>Paul D. Beckman
>Bekman@mdtrialfirm.com
>Jeffrey S. Quinn
>Quinn@mdtrialfirm.com
>Bekman, Marder, Hopper, Malarkey & Perlin, LLC
>1829 Reisterstown Road, Suite 200
>Baltimore, MD 21208
>*Counsel for Plaintiff*

>Katie M. Pennell
>kpennell@oag.state.md.us
>200 St. Paul Place, 19th Floor
>Baltimore, Maryland 21202
>*Counsel for Defendants State of Maryland and DPSCS*

>>>_____Jeremy R. Feldman/s/_____
>>>Jeremy R. Feldman, Esquire